UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORPORATION FOR PUBLIC BROADCASTING,<br>    401 Ninth St., NW<br>    Washington, DC 20004<br><br>    Plaintiff,<br><br>v.<br><br>THE FEDERAL EMERGENCY MANAGEMENT AGENCY,<br>    500 C Street, SW<br>    Washington, DC 20472<br><br>and<br><br>CAMERON HAMILTON, in his Official Capacity as Senior Official Performing the Duties of the FEMA Administrator,<br>    500 C Street, SW<br>    Washington, DC 20472<br><br>    Defendants. | Case No.  1:25-cv-740 |

**PLAINTIFF THE CORPORATION FOR PUBLIC BROADCASTING'S
MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Local Civil Rule 65.1(a), Plaintiff Corporation for Public Broadcasting ("CPB") hereby moves for a temporary restraining order enjoining the Federal Emergency Management Agency ("FEMA") from continuing to enforce a purported "hold" on appropriated grant funds that are due and owing under a grant awarded by the Department of Homeland Security and FEMA to the Corporation for Public Broadcasting ("CPB") relating to the Next Generation Warning System (NGWS") for the nation's emergency alert system.  The NGWS Grant was issued

in 2022 as part of the government's efforts to modernize the national emergency alert system that provides critical emergency and life-saving information to the public.  In awarding the NGWS Grant, the Department of Homeland Security and FEMA recognized that modernizing the national emergency alert system is "imperative" and an "essential part of America's emergency preparedness."

FEMA's "hold" prevents CPB from submitting any reimbursement requests under the NGWS Grant, leaving public broadcasting stations across the country with hundreds of thousands of dollars of unreimbursed expenses.  To date, there is over $1.95 million of incurred expenses that need to be reimbursed to these NGWS Grant sub-awardees.  Not only has FEMA failed to identify any reason for this "hold," which is irreparably harming CPB, forty-two sub-awardees who have incurred expenses to purchase the critical equipment for the NGWS program, and the public at large, its conduct also violates the NGWS Grant and the Uniform Guidance, 2 C.F.R. Part 200.  Given that numerous federal courts, including *this* Court, have already issued preliminary injunctions directing the government to inform its agencies to transmit any disbursements on awarded grants, executed contracts, or other executed financial obligations, it appears that FEMA is now independently acting to frustrate the submission of incurred grant expenses for reimbursement and the payment of those expenses using appropriated funds.

FEMA's conduct frustrates the purpose of a grant that both DHS and FEMA recognized was "imperative" and "essential" to America's preparedness to issue timely and effective life-saving federal, state, local, and tribal emergency alerts.  CPB seeks a temporary restraining order to remain in effect until such time as the Court can further consider the merits of Plaintiffs' claims, as follows:

- directing FEMA to remove the "hold" from its Payment and Reporting System ("PARS") so that reimbursement requests can be submitted by CPB;

- directing FEMA to process those submitting reimbursement requests according to applicable law, regulation, and the terms of the NGWS Grant.

- enjoining FEMA and its officers, employees, and agents from taking any steps to implement, apply, or enforce the "hold" on the disbursement of appropriated funds for the NGWS Grant.

CPB further request that the Court order Defendants to file a status report within twenty-four hours of the issuance of any temporary restraining order, and every two weeks thereafter for twelve weeks, confirming the regular processing and disbursement of federal funds to pay incurred expenses under the NGSW Grant.

As set forth in more detail in the accompanying brief, FEMA's conduct violates the Administrative Procedure Act because it is arbitrary and capricious, and violates the law, including injunctions *already* issued by various federal courts. Plaintiff and its forty-two sub-awardees, which are public radio and television stations, are suffering and will continue to suffer imminent and irreparable harm unless FEMA's purported "hold" is enjoined.

Pursuant to Local Civil Rule 65.1(a), at 3:23 p.m. on March 13, 2025, counsel for Plaintiffs emailed the three Assistant Directors for the Federal Programs Branch of the Department of Justice to provide them with electronic copies of the complaint, this motion for a temporary restraining order, the accompanying memorandum, the Declarations of Daryl Mintz, Jeff Seifert, Mollie Kabler, Mitch Teich, Cindy Spizarny, Michael Gavin, and associated exhibits, and a proposed order.

By: */s/ Jason W. McElroy*
Jason W. McElroy (D.C. Bar No. 502733)
Peter C. Nanov (D.C. Bar No. 230021)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6605
jason.mcelroy@saul.com
peter.nanov@saul.com

Jeffrey S. Robbins (*Pro Hac Vice forthcoming*)
Joseph D. Lipchitz (*Pro Hac Vice forthcoming*)
SAUL EWING LLP
131 Dartmouth St., Suite 501
Boston, MA 02116
Tel: (617) 912-0941
Email: jeffrey.robbins@saul.com
          joseph.lipchitz@saul.com

***Counsel for The Corporation for Public Broadcasting***

Date: March 13, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2025, I caused one copy of the foregoing **PLAINTIFF THE CORPORATION FOR PUBLIC BROADCASTING'S MOTION FOR A TEMPORARY RESTRAINING ORDER, MEMORANDUM IN SUPPORT THEREOF, ALL EXHIBITS, AND PROPOSED ORDER**, on all parties and counsel of record via the Court's CM/ECF system, as well as via USPS First Class Mail to the addresses listed below.

THE FEDERAL EMERGENCY
MANAGEMENT AGENCY,
    500 C Street, SW
    Washington, DC 20472

and

CAMERON HAMILTON, in his Official
Capacity as Senior Official Performing
the Duties of the FEMA Administrator,
    500 C Street, SW
    Washington, DC 20472

                                    */s/ Jason W. McElroy*