UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORPORATION FOR<br>PUBLIC BROADCASTING,<br><br>           Plaintiff,<br><br>      v.<br><br>FEDERAL EMERGENCY<br>MANAGEMENT AGENCY, et al.<br><br>           Defendants. | Civil Action No. 25-0740 (TJK) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i
TABLE OF AUTHORITIES ........................................................................................................ ii
INTRODUCTION ......................................................................................................................... 1
FACTUAL BACKGROUND ........................................................................................................ 2
STANDARD OF REVIEW ........................................................................................................... 2
ARGUMENT ................................................................................................................................. 3
       I.      Plaintiff Fails to Demonstrate A Likelihood of Success on the Merits. .................. 3
             A.      Plaintiff Does Not Allege Any Final Agency Action ................................. 3
             B.      The Agency's Action Is Permissible ............................................................ 4
       II.     Plaintiff Cannot Establish a Likelihood of Immediate Irreparable Harm. ............... 5
       III.    The Balance of Harms and the Public Interest Weigh Against Relief. .................... 7
       IV.    The Court Should Not Grant Equitable Relief ........................................................ 8
       V.     The Court Should Require Plaintiff to Post Security ............................................ 10
CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Air Transp. Ass'n of Am., Inc. v. Exp.-Imp. Bank of the U.S.*,
840 F. Supp. 2d 327 (D.D.C. 2012) .............................................................................................. 7

*Aminjavaheri v. Biden*,
Civ. A. No. 21-2246 (RCL), 2021 WL 4399690 (D.D.C. Sept. 27, 2021) .................................... 1

*Arpaio v. Obama*,
797 F.3d 11 (D.C. Cir. 2015) ........................................................................................................ 7

*Basel Action Network v. Mar. Admin.*,
285 F. Supp. 2d 58 (D.D.C. 2003) ................................................................................................ 2

*Bennett v. Spear*,
520 U.S. 154 (1997) ...................................................................................................................... 3

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ...................................................................................................................... 8

*Chaplaincy of Full Gospel Churches v. England*,
454 F.3d 290 (D.C. Cir. 2006) ................................................................................................. 3, 6

*CityFed Fin. Corp. v. Office of Thrift Superv.*,
58 F.3d 738 (D.C. Cir. 1995) ........................................................................................................ 5

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ...................................................................................................................... 7

*De Beers Consol. Mines v. United States*,
325 U.S. 212 (1945) ...................................................................................................................... 8

*Dickson v. Sec'y of Def.*,
68 F.3d 1396 (D.C. Cir. 1995) ...................................................................................................... 3

*Dorfmann v. Boozer*,
414 F.2d 1168 (D.C. Cir. 1969) .................................................................................................... 2

*Farris v. Rice*,
453 F. Supp. 2d 76 (D.D.C. 2006) ................................................................................................ 6

*Fund for Animals v. Frizzell*,
530 F.2d 982 (D.C. Cir. 1975) ...................................................................................................... 7

*Hall v. Johnson*,
599 F. Supp. 2d 1 (D.D.C. 2009) .................................................................................................. 2

*Hospitality Staffing Sols., LLC v. Reyes*,
736 F. Supp. 2d 192 (D.D.C. 2010) .............................................................................................. 3

*In re Microsoft Corp. Antitrust Litig*,
333 F.3d 517 (4th Cir. 2003) ........................................................................................................ 8

*League of Women Voters of the U.S. v. Newby*,
838 F.3d 1 (D.C. Cir. 2016) .......................................................................................................... 2

*League of Women Voters v. Newby*,
Civ. A. No. 16-236 (RJL), 2016 WL 8808743 (D.D.C. Feb. 23, 2016) ......................................... 6

*Maryland v. King*,
567 U.S. 1301 (2012) .................................................................................................................. 8

*Mdewakanton Sioux Indians of Minn.*,
255 F. Supp. 3d 48 (D.D.C. 2017) ............................................................................................... 5

*Miller v. Lehman*,
801 F.2d 492 (D.C. Cir. 1986) ..................................................................................................... 3

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983) ....................................................................................................................... 3

*Newdow v. Bush*,
355 F. Supp. 2d 265 (D.D.C. 2005) ............................................................................................. 6

*Norton v. S. Utah Wilderness Alliance*,
542 U.S.55 (2004) ........................................................................................................................ 9

*Pac. Radiation Oncology, Ltd. Liab. Co. v. Queen's Med. Ctr.*,
810 F.3d 631 (9th Cir. 2015) ....................................................................................................... 8

*Palisades Gen. Hosp. v. Leavitt*,
426 F.3d 400 (D.C. Cir. 2005) ..................................................................................................... 9

*PPG Indus., Inc. v. United States*,
52 F.3d 363 (D.C. Cir. 1995) ....................................................................................................... 9

*Pub. Citizen Health Rsch. Grp. v. Acosta*,
363 F. Supp. 3d 1 (D.D.C. 2018) ................................................................................................. 6

*Pursuing Am.'s Greatness v. FEC*,
831 F.3d 500 (D.C. Cir. 2016) ..................................................................................................... 2

*Spadone v. McHugh*,
842 F. Supp. 2d 295 (D.D.C. 2012) ............................................................................................. 6

*Weinberger v. Romero-Barcelo*,
456 U.S. 305 (1982) .................................................................................................................... 8

**Statutes**

5 U.S.C. § 706(2)(A) .................................................................................................................... 3

**Regulations**

2 C.F.R. § 200.300(a) ............................................................................................................... 4, 5

Defendants, by and through the undersigned counsel, respectfully file this memorandum in opposition to Plaintiff's motion for temporary restraining order (ECF No. 4, "Pl.'s Mot."). For the reasons discussed below , the Court should deny Plaintiff's motion.

## INTRODUCTION

Plaintiff Corporation for Public Broadcasting ("CPB") seeks emergency relief to enjoin the Federal Emergency Management Agency ("FEMA" or "Agency") from taking an action that it is not taking. Plaintiff alleges that the Agency is withholding funding for the grant related to the Next Generation Warning System ("NGWS"). However, the Agency is taking no such action—there has been no withholding of funding. Rather, the Agency has modified its process for the review of payment requests—a process that is consistent with its authority to protect the public fisc and ensure grant programs are free from waste, fraud, and abuse. As such, Plaintiff's motion should be rejected wholesale.

First, Plaintiff fails to demonstrate a likelihood of success on the merits because: (1) Plaintiff does not identify a final agency action; and (2) the Agency has not acted contrary to law. Second, Plaintiff fails to establish irreparable harm because: (1) its alleged harms are monetary and therefore are by definition reparable at law and (2) Plaintiff waited to bring its demand for extraordinary relief. And, third, the balance of harms and the public interest weigh in favor of the Agency's ability to protect the integrity of government funding programs consistent with its constitutional and statutory authorities.

Accordingly, for the reasons discussed below, the Court should deny Plaintiff's demand for extraordinary relief, especially because Plaintiff's demand is that it be granted the requested ultimate relief. *See Aminjavaheri v. Biden*, Civ. A. No. 21-2246 (RCL), 2021 WL 4399690, at *5 (D.D.C. Sept. 27, 2021) ("Moreover, the D.C. Circuit has cautioned that a preliminary injunction

'should not work to give a party essentially the full relief he seeks on the merits.'" (quoting *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 n.13 (D.C. Cir. 1969) (citations omitted)).

## FACTUAL BACKGROUND

In 2022, the Department of Homeland Security ("Department") awarded Plaintiff a grant for the NGWS. Compl. (ECF No. 1) ¶ 23. The grant is on a cost reimbursement basis. *Id*. Plaintiff seeks reimbursement through the Agency's Payment and Reporting System ("PARS"). *Id*. ¶ 25.

On February 10, 2025, the Agency began implementation of a process for the manual review of requests for payment. Decl. of Cameron Hamilton (attached hereto as Ex. A) ¶ 4. In order to permit a manual review, the Agency placed a "hold toggle" on individual hold in PARS. *Id*. ¶¶ 4, 6. The "hold" is not a freeze on the funds. *Id*. ¶ 6. Rather, the "hold" allows for the Agency to manually review requests prior to payment. *Id*. ¶ 7. As such, before releasing funds for reimbursement paid to its grant recipients, the Agency reviews grant projects, activities, and source documentation. *Id*. ¶ 9.

## STANDARD OF REVIEW

"A [temporary restraining order] is an extraordinary remedy and should be granted sparingly." *Basel Action Network v. Mar. Admin.*, 285 F. Supp. 2d 58, 60 (D.D.C. 2003). A party seeking a temporary restraining order must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)); *Hall v. Johnson*, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) ("The same standard applies to both temporary restraining orders and to preliminary injunctions"). The moving party bears the burden of persuasion and must

2

demonstrate, "by a clear showing," that the requested relief is warranted. *Hospitality Staffing Sols., LLC v. Reyes*, 736 F. Supp. 2d 192, 197 (D.D.C. 2010) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)).

## ARGUMENT

**I.     Plaintiff Fails to Demonstrate A Likelihood of Success on the Merits.**

The APA permits a reviewing court to set aside a final agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[T]he scope of review under the arbitrary and capricious standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Under the APA standard of review, an agency's decision need not be "a model of analytical precision to survive a challenge." *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995). It is sufficient if an agency's explanation of its decision contains "a rational connection between the facts found and the choices made." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. In addition, "if the necessary articulation of basis for administrative action can be discerned by reference to clearly relevant sources other than a formal statement of reasons, [the court] will make the reference." *Miller v. Lehman*, 801 F.2d 492, 497 (D.C. Cir. 1986) (internal quotation marks omitted).

**A.     Plaintiff Does Not Allege Any Final Agency Action**

Agency action must be "final" to be reviewable under the APA. 5 U.S.C. § 704. Agency action is final only if (1) it marks "the consummation of the agency's decisionmaking process" and (2) is "one by which rights or obligations have been determined, or from which legal consequences flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citations omitted).

Plaintiff fails to identify any final agency action. The gravamen of Plaintiff's argument is that the Agency is withholding payments. Pl.'s Mem. (ECF No. 4-1) at 11 (asserting the

3

withholding is arbitrary and capricious), 13 (asserting the withholding is contrary to law).  But the "hold" Plaintiff's complain about in PARS is not a withholding, a pause, or a freeze.  Hamilton Decl. ¶¶ 6–8.  The "hold" is a mere notation in PARS that before disbursing funds, the Agency is conducting a manual review of each request.  *Id*. ¶ 9.

As such, Plaintiff fails to allege a challenge to a final agency action.

**B.     The Agency's Action Is Permissible**

Even if the Court further considers Plaintiff's claim, it fails because the Agency is permitted to complete a manual review of requests for reimbursement.

The Agency's implementation of a manual review process is consistent with the applicable authorizing statutes, regulations, and terms for grants.  Pursuant to its affirmative duty under 2 C.F.R. § 200.300(a) to properly manage and administer its federal grants, the Agency has inherent authority to manually review source documentation from a grant recipient and other information relevant to confirming the requested funding.  Hamilton Decl. ¶ 5.  The Agency also has inherent authority to monitor awards, review its grant records and expenditures, and ensure payments to recipients are used only for allowable, allocable, and reasonable costs under the terms and conditions of the grant award prior to making payment to the grant recipient.  *Id*.  Thus, FEMA has authority to implement the manual review process, as long as the process is consistent with applicable regulations and requirements.  *Id*. ¶¶ 5, 13.  Notably, the Agency's use of a manual review process is not new.  Indeed, FEMA has, for years now, already employed a manual review process for six of its grant programs.  *Id*. ¶ 10 (listing programs).

Moreover, the Agency's manual review process is consistent with and in furtherance of the regulatory directives set forth in 2 C.F.R. Part 200 and 31 C.F.R. Part 205.  *Id*. ¶¶ 13–19.  Plaintiff asserts otherwise.  Pl.'s Mem. (ECF No. 4-1) at 13–14.  But, the regulations cited by Plaintiff are inapplicable.  As explained below, the Agency has neither withheld funding nor

otherwise paused or froze funding. Rather, the Agency is complying with its affirmative duty "to manage and administer [its] Federal award[s] in a manner so as to ensure that Federal funding is expended and associated programs are implemented in full accordance with the U.S. Constitution, applicable Federal statutes and regulations." 2 C.F.R. § 200.300(a).

Lastly, this manual review process is not a withholding, pause, or freeze on funding, nor does it mean that the grant payments are being frozen, held, or not being distributed. *Id.* ¶ 9. The Agency will process payment requests and approve them for payment as appropriate, simply with an added level of internal controls to ensure that payment requests are reviewed prior to payment being released. *See id.* ¶¶ 8–9. The "hold" instituted on payments in PARS is simply a system term, which is part of a process to allow the Agency's staff to manually review grant projects, activities, and source documentation before releasing funds for reimbursement paid to its grant recipients. *See id.* ¶¶ 9, 21. Once manual review is completed, the grants are made available for draw down. *Id.* ¶ 21.

As such, the Agency's implementation of a manual review process was not arbitrary and capricious, contrary to law, in excess of statutory authority, or ultra vires.

II.     **Plaintiff Cannot Establish a Likelihood of Immediate Irreparable Harm.**

"Regardless of how the other three factors are analyzed, it is required that the movant demonstrate an irreparable injury." *Mdewakanton Sioux Indians of Minn.*, 255 F. Supp. 3d 48, 51 (D.D.C. 2017). "The basis of injunctive relief in the federal courts has always been irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 88 (1974); *see also CityFed Fin. Corp. v. Off. of Thrift Superv.*, 58 F.3d 738, 747 (D.C. Cir. 1995). The Supreme Court's "frequently reiterated standard requires Petitioners seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "[I]f a party makes no showing of irreparable injury, the court may deny the motion without considering the other

5

factors." *Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) (quoting *CityFed Fin.*, 58 F.3d at 747); *see also Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 ("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."). And where a party seeks to change the status quo through action rather than merely to preserve the status quo, typically the moving party must meet an even higher standard than in the ordinary case: the movant must show 'clearly' that [it] is entitled to relief or that extreme or very serious damage will result." *Farris v. Rice*, 453 F. Supp. 2d 76, 78 (D.D.C. 2006) (collecting authorities); *see League of Women Voters v. Newby*, Civ. A. No. 16-0236 (RJL), 2016 WL 8808743, at *1 (D.D.C. Feb. 23, 2016) ("This conclusion is bolstered by the fact that plaintiffs here seek not to maintain the status quo, but instead to restore the status quo ante, requiring this Court to proceed with the utmost caution.").

Plaintiff has failed to demonstrate irreparable harm sufficient to warrant extraordinary injunctive relief. Although Plaintiff characterizes the harm as damaging its ability to accomplish the purpose of the grant, Plaintiff's harm is monetary. Pl.'s Mem. (ECF No. 4-1) at 15. "Monetary injuries alone, even if they are substantial, ordinarily do not constitute irreparable harm." *Spadone v. McHugh*, 842 F. Supp. 2d 295, 301 (D.D.C. 2012) (citations omitted).

Moreover, Plaintiff cannot claim irreparable harm when it waited almost a month before seeking emergency relief. *See Pub. Citizen Health Rsch. Grp. v. Acosta*, 363 F. Supp. 3d 1, 22 (D.D.C. 2018) (finding no irreparable harm where plaintiffs waited over three months after learning that a government agency had taken the complained-of action and over six weeks after filing their complaint to seek preliminary relief); *Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005) ("An unexcused delay in seeking extraordinary injunctive relief may be grounds

6

for denial because such delay implies a lack of urgency and irreparable harm."); *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (denying preliminary injunctive relief and noting that a delay of forty-four days after final regulations were issued was "inexcusable"); *Air Transp. Ass'n of Am., Inc. v. Exp.-Imp. Bank of the U.S.*, 840 F. Supp. 2d 327, 338 (D.D.C. 2012) ("Plaintiffs' delay in seeking relief . . . weighs against a finding of irreparable harm."). Plaintiff notes that it first learned of the purported "hold" on February 19, 2025, and Plaintiff indicates that it normally was able to receive reimbursements in a matter of days. Indeed, on February 20, 2025, Plaintiff issued a stop work order to all sub-grantees on the same day, stating that Plaintiff had no access to the funding. Stop Work Order (ECF No. 4-7). Additionally, on the same day, Plaintiff sent a letter to the Agency about the "hold," demanding a response by February 24, 2025. Decl. of Daryl Mintz (ECF No. 4-2) ¶ 30. Yet, Plaintiff waited until March 13, 2025, to seek relief. That delay alone should preclude Plaintiff from emergency relief.

Further, Plaintiff asserts the purported "hold" is endangering lives, harming Plaintiff's reputation, impacting sub-grantees, and causing the possible loss of employees. Pl.'s Mem. (ECF No. 4-1) at 16–18. But a movant cannot show "certain[] impending" injury when the asserted injury is based on a "speculative chain of possibilities," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013), or on "speculation about the decisions of independent actors," *id*. at 414. As the D.C. Circuit has cautioned: "Because of the generally contingent nature of predictions of future third-party action," a court should be "sparing in crediting claims of anticipated injury by market actors and other parties alike." *Arpaio v. Obama*, 797 F.3d 11, 23 (D.C. Cir. 2015).

As such, the Court should find that Plaintiff has not established irreparable harm.

### III. The Balance of Harms and the Public Interest Weigh Against Relief.

The party seeking a preliminary injunction must show that the balance of equities tips in its favor and that the injunction is in the public interest. *Winter*, 555 U.S. at 20. A court "'should

7

pay particular regard for the public consequences'" of injunctive relief. *Id*. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

An injunction here would effectively disable the Agency from assessing whether any request for payment is free from waste, fraud, or abuse and complies with terms of the grant. "Any time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (cleaned up). And where the Government is legally entitled to make decisions about the disbursement or allocation of federal funds but is nonetheless ordered to release the funds, such funds may not be retrievable afterwards. Indeed, Plaintiff demands that this Court allow for the immediate reimbursement of funds. Those harms will irreparably harm the sovereign and pecuniary interests of the United States.

Thus, the balance of the equities weighs in favor of Defendants and relief should be denied.

## IV.  The Court Should Not Grant Equitable Relief

It is a bedrock principle of equity that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Additionally, "'preliminary relief may never be granted that addresses matters 'which in no circumstances can be dealt with in any final injunction that may be entered.'" *In re Microsoft Corp. Antitrust Litig*, 333 F.3d 517, 525 (4th Cir. 2003) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Therefore, the scope of equitable relief available here should be constrained by what would be available to Plaintiffs at final judgment under the APA. *See Pac. Radiation Oncology, Ltd. Liab. Co. v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (preliminary relief must be "of the same nature as that to be finally granted.").

8

Relief under the APA is limited; courts may "hold unlawful and set aside agency action." 5 U.S.C. § 706; *see also Norton v. S. Utah Wilderness All.*, 542 U.S.55, 66–67 (2004) (explaining how the APA's limits on relief are intended to "protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements"). The APA generally prohibits "specific relief," in the sense that, "when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards." *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995) (citations omitted); *see also Palisades Gen. Hosp. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005). As such, if the Court is inclined to grant Plaintiff's motion, it must do so consistent with the APA.

Plaintiff's requested relief exceeds these bounds. Indeed, Plaintiff solely demands the Court grant equitable relief, requesting the Court issue an order:

- directing FEMA to remove the "hold" from its Payment and Reporting System ("PARS") so that reimbursement requests can be submitted by CPB;

- directing FEMA to process those submitting reimbursement requests according to applicable law, regulation, and the terms of the NWGS Grant.

- enjoining FEMA and its officers, employees, and agents from taking any steps to implement, apply, or enforce the "hold" on the disbursement of appropriated funds for the NGWS Grant.

Pl.'s Mem. (ECF No. 4-1) at 22.

If granted, Plaintiff's relief would essentially bind the Agency to reimburse Plaintiff without limitation, restricting the Agency's ability to assess whether a reimbursement request was proper under the terms of the award of the grant and to take any future actions to protect the public fisc or to ensure the expenditure of funds is in the best interests of the United States. Moreover, Plaintiff's requested relief would unduly restrict the Department's ability to review the pending requests to ensure they are proper under the terms of the award and to process other pending

9

requests for the disbursement of funds the Department may deem to be more urgent than Plaintiff's requests.

Accordingly, any relief should be narrow and must account for the Department's priorities and leave intact the Executive Branch's discretion to engage in further consideration of the topic at hand and implement new policies consistent with law.

## V. The Court Should Require Plaintiff to Post Security

Federal Rule of Civil Procedure 65(c) states, "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). To the extent that the Court grants relief to Plaintiff, Defendants respectfully request that the Court require Plaintiff to post security for any taxpayer funds distributed during the pendency of the Court's Order. This case is ultimately about money, and thus, the requirements of Rule 65(c) to post security are plainly at play.

\*   \*   \*

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's motion for emergency relief.

Dated: March 15, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ *Joseph F. Carilli, Jr.*
     JOSEPH F. CARILLI, JR.
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2525

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORPORATION FOR<br>PUBLIC BROADCASTING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL EMERGENCY<br>MANAGEMENT AGENCY, et al.<br><br>　　　　Defendants. | Civil Action No. 25-0740 (TJK) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's motion for temporary restraining order, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is DENIED.

SO ORDERED:

_____　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　TIMOTHY J. KELLY
　　　　　　　　　　　　　　　　　　　　United States District Judge