**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CORPORATION FOR PUBLIC BROADCASTING,<br><br>    Plaintiffs,<br><br>v.<br><br>THE FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*,<br><br>    Defendants. | Civil Action No.<br>1:25-cv-0740 (TJK) |

## DECLARATION OF THOMAS BRESLIN

I, Thomas Breslin, declare as follows:

1. I am the Acting Associate Administrator for the Office of National Continuity Programs ("ONCP") at the Federal Emergency Management Agency ("FEMA" or "agency").

2. FEMA is a component within the U.S. Department of Homeland Security ("DHS" or "Department"). ONCP is an office within FEMA that guides and assists the planning, implementation, execution and assessment of the continuity programs that enable federal, state, local, tribal and territorial ("SLTT") governments to continue performing essential functions and delivering critical services when typical operations are disrupted by an emergency. The ONCP also ensures that at all times, the President, federal agencies, SLTT governments, and alerting authorities at all levels are able to provide timely and effective alerts and warnings regarding natural disaster, acts of terrorism, and other manmade disasters or threats to public safety. ONCP is the office within FEMA with programmatic authority over the Next Generation Warning System ("NGWS") grant program.

3. As the Acting Associate Administrator for ONCP, I am familiar with the NGWS grant program and the policies and procedures that govern the program.

4. My statements in this Declaration are based on my personal knowledge; on information provided to me in my official capacity; on reasonable inquiry; on information obtained from various records, systems, databases, or FEMA employees and information portals maintained and relied upon by FEMA in the regular course of business; and on my evaluation of that information.

5. Since being sworn in on January 25, 2025, the Secretary of Homeland Security ("Secretary") has issued several written and verbal directives regarding payments made by the Department, all of which were designed to ensure that any payments made by the Department are consistent with law and do not promote fraud, waste, or abuse. One such directive is a January 28, 2025 *Direction on Grants to Non-governmental Organizations*, a copy of which is attached as Exhibit 1.

6. Pursuant to the Secretary's January 28, 2025 direction, FEMA paused funding for all of its grants programs on February 11, 2025 and began to institute a manual review process under its inherent authority to monitor awards; review its grant records and expenditures; and ensure payments to recipients are used only for allowable, allocable, and reasonable costs under the terms and conditions of the grant award before making payment to the grant recipient. This manual review applied to the NGWS program and required Plaintiff to submit additional documentation for FEMA to review prior to FEMA releasing any funds.

7. On March 6, 2025, the District Court for the District of Rhode Island in *New York, et al v. Trump, et al* issued a preliminary injunction enjoining FEMA and other agencies from pausing, freezing, blocking, canceling, suspending, terminating, or otherwise impeding the disbursement of appropriated federal funds to the named plaintiffs in that lawsuit. (the Preliminary Injunction). On April 4, 2025, the Rhode Island Court granted a Motion to enforce the Preliminary Injunction (Enforcement Order)[1] and specifically ordered

---

[1] The Enforcement Order was stayed for a short period of time and reinstated on April 14, 2025.

FEMA to cease the manual review process implemented per the Secretary's January 28 directive. To comply with the Preliminary Injunction, FEMA resumed allowing grant recipients, including Plaintiff, to draw down grant funds as they had prior to the manual review process.

8. On May 1, 2025, the President issued Executive Order 14290, *Ending Taxpayer Subsidization of Biased Media* ("Biased Media EO"). The Biased Media EO directs federal agencies to identify and terminate, to the maximum extent consistent with applicable law, any direct or indirect funding of National Public Radio and the Public Broadcasting Service. A copy of the Biased Media EO is attached as Exhibit 2.

9. In response to the Biased Media EO, the ONCP began a policy review of the NGWSW grant program because the program is designed for the Corporation for Public Broadcasting to receive the grant award and issue subgrants to public broadcasting entities that are National Public Radio and Public Broadcasting Service affiliated stations. On May 8, 2025, as a precaution, while FEMA was conducting the review to ensure compliance with the Biased Media EO, FEMA turned off Plaintiff's ability to draw down NGWS funds in FEMA GO.

10. FEMA continues to review the NGWS grant program to ensure that the program's design effectively serves its statutory purpose, program goals, and agency priorities.

11. On June 6, 2025, FEMA restored Plaintiff's the access and ability to draw down funds under its awards through FEMA GO. As of the date of this Declaration, Plaintiff continues to have the ability to draw down funds for their NGWS grant program awards.

12. At this time, FEMA has not made a final determination whether the NGWS grant awards to Plaintiff are effectuating program goals or agency priorities.

I, Thomas Breslin, declare, pursuant to 28 U.S.C. Section 1746, that this Declaration is true and correct.

Executed this 23 day of June, 2025

Thomas Breslin
Acting Associate Administrator, Office of National Continuity Programs
Federal Emergency Management Agency

Digitally signed by THOMAS M BRESLIN
Date: 2025.06.23 16:02:04 -04'00'

4